2-15-0777, people of the state of Illinois, please do not leave, do not leave the area depending on the code. Are we going to have to depend on the code? Mr. Fletcher v. Hamel. Are we going to have to depend on the lead? Ms. Fishkin, Kristen, and Mr. Williams. Thank you. Good morning, counsel. Mr. Hamel. Good morning, Your Honor. I just want to please the court, counsel. My name is Fletcher Hamel and I represent the defendant outlaw, Malcolm Malchert. Your Honor, in this case, one attorney, Walstra, filed the defendant's post-plea motion while another attorney, Gifford, represented the defendant at the hearing on that motion. Walstra filed a 604-D certificate. Gifford did not. And the issue in this case is whether Gifford's compliance with 604-D can be inferred from Walstra's certificate and the remainder of the record. My position is that this is actually a very straightforward issue and it is one that has been decided by this court in three previous cases, in Herrera, Ritchie, and in Reneau. The rule, those three cases can be read harmoniously to give a very straightforward rule that in this case demands a 604-D remand. In Ritchie and Herrera, this court held that if one attorney drafts a motion, a post-plea motion, and then a second attorney represents the defendant at the hearing, the second attorney, the one who represents the defendant at the hearing, is the one who has to comply with rule 604-D. Reneau simply clarifies that rule for a situation in which more than one attorney represents the defendant at the hearing. All Reneau holds is that if you have two attorneys representing the defendant at the hearing, only one has to file a certificate and the other one does not. But here, one represented the defendant at the bond hearing and another at the plea and then the post-judgment motion. Is that correct? That is correct. But at the end of the day, what matters is that at the post-plea hearing, that attorney, Gifford, had not filed a 604-D certificate and he was required to do so under Herrera, Ritchie, and Reneau. And now this is, this rule, and it's important that this rule be what it is and that it remains straightforward. Because the purpose of rule 604-D is to ensure that at the time of the hearing, every one of the defendant's claims are presented. And so that when the case comes here, we can all be assured that every one of the defendant's claims were presented at the hearing on the motion. The one attorney who has the ability to do that is the attorney who represents the defendant at the hearing, not the attorney, if it's a different attorney, who filed the motion weeks or months before. And in the note, both attorneys actually appeared on the defendant's behalf as counsel, not a situation like this where one is the witness for the client and the other represents the client, correct? Exactly. Exactly correct. And that is the crucial difference because... Can we infer from this that Mr. Gifford perhaps did not consult with the defendant or did not examine the full trial record? You know, we have no idea if he did or did not. That's my point. Yes, but under the state's position, he had no obligation to. And I don't think that's correct because he obviously should, before he goes to that hearing, do those things. Well, I mean, can't we infer that because he's already arranged to have the former attorney, the former assistant public defender, act as a witness. So why couldn't we infer it then, I mean, from the fact that he had obviously planned out what was going to transpire at the hearing? Two reasons. First, though, most importantly, in the 30 years since People v. Will, there's only one way to demonstrate 604D compliance, and that is to file a certificate. And this Court has strongly resisted, and every Court has strongly resisted, invitations to scour the record, to find clues, to figure out how familiar the attorney actually was. And if you go back to, I think, People v. James, which is one of the main cases... Well, here it appears... Go ahead. Your comment on James and I'll ask the question. I was simply going to say that I believe that the attorney in James was clearly familiar with the claims, and the argument was made and the Supreme Court rejected it. And the other aspect to this is up until the day of the hearing, the motion can be amended. And so when Gifford doesn't amend the motion and goes into the hearing and presents the motion, at that point, he's adopted the motion. It's no longer Wallstra's motion. It's his. And so he's really... When you look at the rule and it says the defendant's attorney shall file a certificate, he's the defendant's attorney. He's the only person at that point who's either adopting that motion or is not. And so the rule clearly applies to him and not to Wallstra. Your position is that even though it appears from the record that the only... The substance of the claim... And from the record, it looks like the only claim could be the defendant was coerced or forced into pleading guilty, and that was the claim that was presented. We shouldn't speculate about any other claim because we'd be creating exceptions, and the exceptions would then swallow the rule, basically. That's true, and it would actually... It would make it more difficult to litigate and would lead to more problems. I would also point out, this case actually is an illustration of why it's important to have this rule, because the motion said that the defendant was coerced by James Court. But if you look at the defendant's testimony, he seemed to be saying that he was coerced by not only James Court, but also by Wallstra. And without a certificate from Gifford, we don't know if... Did Gifford talk to the defendant before this? Did the defendant tell Gifford this beforehand? Should Gifford have amended this motion to include an ineffective assistance of counsel claim? Could he have? Was he conflicted? We don't know any of this because we don't have a certificate. If you have a certificate, then you can at least say, we know Gifford talked to the defendant, and we know that Gifford either wasn't told these things or Gifford decided that these things did not arise to a level of an effective claim, which could have been the case because they were pretty vague. But the 604-DC today would have cleared that up. Without one, it's not cleared up. It's still up in the air, and that's why we need one. So, Your Honors, if you don't have any further questions, I would ask that you amend the clause for 604-DC compliance. Thank you. You'll have time to reply. Thank you. Ms. Rind? May it please the Court, Counsel? Good morning. Good morning. Here, there is no question that the 604-D certificate on file tracks the language necessary to comply with the Supreme Court rules that set forth that the attorney complied with Rule 604-D. But isn't the thrust of the rule not just the language, but doesn't it really, in the case law, distinguish between who prepared it and the language in it and who then presented the, who conducted the hearing, who presented this post-plea hearing? Respectfully, I don't read presenting that narrowly in terms of the motion. Sometimes you see on motions to withdraw a plea that they stand on the motion. There is no further argument. So the actual filing of the motion in that they looked at the allegations that the defendant might have. They reviewed the basis in the record or any extraneous information. They drafted a motion to withdraw the plea. That motion itself is presenting those claims to the Court. The oral motion, sometimes there is evidence by way of testimony. Sometimes there's not. Sometimes there's way of argument. Sometimes there's not. So I would read presenting as encompassing both the hearing and the actual motion that's drafted. And here, what you really have is kind of a team mentality. In this case, there was, I believe it's- In representation by the Public Defender's Office, each attorney is responsible. There's no kind of team concept. If the attorney is representing a client, that he owes complete fidelity to that client. And once Walther withdrew and was testifying as a witness, she was no longer the attorney. Would you agree? I believe I misspoke in terms of making my point not as clear. In this specific case, there is- On the record, it shows that there is representation by both. At the end of the hearing of the motion to withdraw the plea, Attorney Gifford says, I will have to discuss with the defendant. And either I or Ms. Wallstra will appear on behalf of the defendant. And whatever we do next. That plural, to me, indicates that it is a joint representation. And I understand, Justice Burkett, you're exactly correct. The Public Defender's Office, everyone has their own fidelity to that client. But in this particular case, I think that for purposes of 604D, the 604D certificate that was filed by the first attorney can stand as strict compliance with the rule. Which is what we're really looking at. What harm would be done by having strict compliance and sending the case back for compliance? Because if we keep making exceptions, like in Mignot, where both attorneys actually appeared, one was advocating the other one, but was there at council table, so that certificate was okay. We keep making exceptions. The exceptions follow the rule. And we should not be speculating upon what other claims the defendant might have. For example, ineffective assistance. That it was actually Wallstra who coerced the plea. I mean, that's pure speculation. In terms of whether or not there was any additional claims? The concept may be the Public Defender's Office was protecting itself from a claim of ineffective assistance. I don't read it as a... That's the point, though. You're speculating, we're speculating. Strict compliance with the rule is not going to hurt anybody. Send it back, new 604D, by the attorney representing the defendant. I believe sending it back is really elevating a form over substance. In this case, you know, in accordance with Mignot, there is an attorney who drafted it, and there is information in the record which implies that there was some discussion between both the attorney who drafted it and the attorney who presented the motion. The attorney who presented the motion proceeded on the motion because the attorney put on, the first attorney, in order to advocate for the claims to withdraw the plea. And that would be some assurances which were not available in Herrera or in Ritchie were that the record was really silent in terms of what the interaction was between both attorneys. And here, I think it's a reasonable inference if one attorney puts on another attorney and that attorney... That is a different animal, though. You have an attorney who actually cannot represent the defendant any longer because it would violate the witness-advocate rule. She must withdraw and cannot appear as the attorney. She can't appear as the attorney any longer. She's a witness in the case. I think in this case, we're looking at whether or not there was strict compliance with the rule. And in this case, there's no question that the certificate complied with the rule. And so now we're looking to determine whether that... Filed by a witness, not the lawyer for the defendant any longer. She's a witness in the case, not an attorney. Once she takes a stand. Isn't the very last thing in a 604D to be signed by a line and under which it says, Attorney for Defendant? Ms. Walstra was no longer the attorney for the defendant, nor could she have been. I believe at the time she did file the motion to withdraw, it does state by the public defender of DuPage County, and then also it does state Ms. Walstra's name. I believe at the time she signed it, she did act as his attorney. We also know that Mr. York did not review the record here. You're correct, Your Honor. I was not inferring at all that Mr. York is... Because I'm signing as a deputy, that it's just all one big office. Sure. Do you see a distinction here where Ms. Walstra actually withdrew, formally withdrew from representation, became a witness, and that precluded her from any further action in the case? Even if Mr. Gifford says, I'm going to talk to her some more, that doesn't make her the defendant's attorney again. Sure. I don't think there's anything in the record that says that Ms. Walstra formally withdrew from the case, because she did appear at the next court date as his attorney. And I certainly understand the advocate witness rule that generally prohibits an attorney from acting as both a witness and as... But I do know that there are exceptions. Well, that's one of the exceptions that applies, is that she's taking the stand to benefit her client. Right. And I would say that that is generally prohibited, but it's not blankly prohibited. There are certain instances in which that does happen, albeit generally for the prosecution and not for the defense. But really, it's the people's position that what we're focused on is that whether or not there was strict compliance with 604D. And the record here indicates that there's no issue with the certificate. And because there's no issue with the certificate, we're looking as we do as to whether or not that certificate can be valid for us, you know, or is, excuse me, whether or not that certificate can be used to show compliance. And in this case, based on people needing to know, and for the reasons why they are distinguishable between Herrera and Ritchie, there is enough evidence in the record that the attorney who actually proceeded at the hearing was aware of the information in the motion as well as the thought process behind what was drafted in the motion because he put on the first attorney, Ms. Wallstra. And so therefore, and if you had one moment, please. You know, just touching on what opposing counsel said, in terms of obligation to present at the oral, at the hearing, there is no obligation to present every claim. You know, many times they just might focus on one claim and not another, which is why, again, presentation encompasses both the drafting and filing of the motion as well as whatever might be presented. And if there are no further questions, we would… Did you have something? Well, what you just said. Sure. So it would be your position that Mr. Gifford did not have an obligation to further amend the motion? Is that your position? I'm not… In terms of an obligation, he went through with the motion. I'm going to be… I'm acting… The reasonable inference would be he agreed with what the motion was presented and continued on with it. Would he agree with it because he spoke to the defendant and because he reviewed the record or because he spoke to Ms. Wahlstrom? I believe that based on this Court's decision in Minot, and I'm looking specifically at paragraphs 12 and 13, you know, it's not reasonable to assume that the second attorney would have represented the defendant without the first attorney talking and discussing. And similarly, in paragraph 13, you know, this Court noted that there is no proposition that an attorney must specifically mention each point argued in the written motion. So I believe that the… But mentioning it and then talking to the defendant about any and all possible points or arguments are two different things, correct? Sure, I would agree with that, Your Honor. I believe that in terms of if it turns out that there was some additional point, I would assume that given 604D, there would be potentially an amended motion. But in this case, what the record looks for, the claims that were presented, and ultimately that was what the Court ruled on, the issues here were presented adequately before the Court. Thank you. Mr. Hamel? First of all, if you look at Herrera in the opinion, Dave Clement's 604D certificate is actually set out in full in the opinion. It is fully compliant with Supreme Court Rule 604D. This Court deemed that irrelevant because Dave Clement did not represent the defendant at the hearing on the motion. So the fact that Wolster's certificate complied with the rule really has no bearing on this issue at all. Didn't the trial court say on the record acknowledge the 604D certificate in Mr. Gifford's presence? That's true. Isn't that tantamount to Mr. Gifford adopting the 604D certificate? I don't think Mr. Gifford can adopt somebody else's 604D certificate. Couldn't he have just said, Judge, I did, for the record, I did speak to Mr. Melcher and I did review the record of proceedings, and although Ms. Wolster filed her certificate, I'm adopting it? This would be a different issue. I think it would still be an issue, though. I don't know that because, going back, if there was no Wolster certificate and Wolster didn't exist and Gifford just walked into court with no certificate and said, Judge, I did these things, but also I didn't file the certificate for you, that would be a problem. So I don't know if he necessarily could have. It would have been better than what we have here. Well, how about this? On remand, can Ms. Wolster continue to represent the defendant? I don't believe so. Why not? She testified for him. Isn't there an exception in the rules of professional conduct that an attorney can't take the stand for the benefit of their client for a limited purpose? I agree. Are you familiar with the rule I'm talking about? Vaguely. I cited the Attaway case in my reply brief. I believe that still applies. I think that she still can't be a witness. It's not a limited purpose. I mean, she's testifying for, you know, it's the one big dispositive motion of the entire case. And secondly, especially in this case, there's the possibility that she's not just testifying for Mark Maltrand's benefit, she's also testifying for her own benefit, because when Mark Maltrand takes the stand, he starts talking about Wolster coercion. So in this case in particular, I don't think she would be able to represent him. And whether or not Gifford can is another question. But at a minimum, somebody has to file a 604D certificate. And I would also, I think it's worth pointing out, too, that, you know, Wolster files the motion, and I don't have the date in front of me, but the period of time passes in between the filing of the motion and the hearing. During that period of time, it is possible to amend that motion. And really, until the day of the hearing, or maybe a reasonable time before it, that motion is effectively, it's not really final. It could be amended. If Gifford talks to the defendant in that period and finds out that he has some other claim, he can file that motion, he can add it. It becomes final, unamendable at the hearing. So even if Gifford stood up there and said, I adopt this motion, and I have nothing to add, and I have no evidence, please grant the motion, that's him adopting that motion, making it his, and presenting it. And it's the same as if he puts out evidence. So there's no distinction here. He's the attorney, whether he wrote the thing or not. And he's the one who needs to certify that this is everything we have. So unless you, Your Honor, have any further questions, I would ask you to end or move. No. Thank you. Thank you, counsel. The Court will take the matter under advisement and render a decision in due course. We stand in brief recess until the next case.